**F I L E D**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

TERRY L. HEDGER,

       Petitioner-Appellant,

v.

DAVID MCKUNE, Warden, Lansing
Correctional Facility; ATTORNEY
GENERAL OF KANSAS,

       Respondents-Appellees.

No. 00-3165
(D.C. No. 97-3118-DES)
(D. Kan.)

---

**ORDER AND JUDGMENT** *

---

Before **HENRY** , **BRISCOE** , and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Terry L. Hedger appeals from the district court's denial of his counseled habeas petition, filed pursuant to 28 U.S.C. § 2254. Under the provisions of the Antiterrorism and Effective Death Penalty Act, petitioner must obtain a certificate of appealability (COA) before his appeal can proceed before this court. *See Slack v. McDaniel*, 529 U.S. 473, 478 (2000); 28 U.S.C. § 2253(c)(1)(A). Because the district court denied petitioner's motion for a COA, petitioner must demonstrate "a substantial showing of the denial of a constitutional right" before a COA can issue. 28 U.S.C. § 2253(c)(2).

In his habeas application before the district court, petitioner asserted four claims of ineffective assistance of counsel in connection with his criminal trial.[1] He contended that counsel was ineffective for failing to 1) request a self-defense instruction, 2) object to testimony by Detective Allen concerning an overheard conversation between petitioner and his attorney, 3) investigate the availability of additional witnesses to events before the shooting, and 4) object to certain statements and declarations made by his wife. The district court rejected these issues on the merits. On appeal, he has abandoned the ineffective assistance of counsel claim based on counsel's alleged failure to adequately investigate the availability of additional witnesses, but adds another claim of error, contending

---

[1] Petitioner was convicted of second degree murder of his wife following a shooting incident at their home.

that the district court erred in failing to hold an evidentiary hearing on the claim concerning Detective Allen's testimony.

Our review of petitioner's appellate arguments, along with the record on appeal, including decisions of the state appellate court and the district court, in light of the applicable law convinces us that, for the substantially the reasons stated by the district court in its decision denying habeas relief, petitioner has not "made a substantial showing of the denial of a constitutional right." *Id.* Petitioner's motion for a COA is DENIED and this appeal is DISMISSED.

Entered for the Court


Michael R. Murphy
Circuit Judge